IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:18-CV-548-FL

| | |
|---|---|
| MICHAEL JAMES WILLIAMSON, | ) |
| Plaintiff, | ) |
| v. | ) ORDER |
| J.B. HUNT TRANSPORT, INC., and JAMES MICHAEL PRATT, | ) |
| Defendants. | ) |

This matter is before the court on defendants' motion to dismiss plaintiff's punitive damages claim against defendant J.B. Hunt Transport, Inc. ("J.B. Hunt"), pursuant to Federal Rule of Civil Procedure 12(b)(6), and defendants' motion to strike certain allegations in plaintiff's complaint, pursuant to Federal Rule of Civil Procedure 12(f) (DE 14). The issues raised have been fully briefed by the parties. For the following reasons, defendants' motion to dismiss is denied as moot and defendants' motion to strike is denied.

## BACKGROUND

Plaintiff commenced this action on October 8, 2018, in Wake County Superior Court, alleging defendants negligently caused him injuries arising from a motor vehicle collision. Defendants removed the case on November 14, 2018. Following removal, defendants filed the instant motions, together with their answer. Defendants seek dismissal of plaintiff's purported claim for punitive damages against defendant J.B. Hunt. Defendants also ask the court to strike allegations of criminal charges against defendant James Michael Pratt ("Pratt"), and allegations involving

trucking safety rules. Plaintiffs responded in opposition to both of the motions.

The facts alleged in the complaint may be summarized as follows. On September 19, 2018, plaintiff drove his Ford automobile down Interstate 85 South ("I-85"). (Compl. ¶ 11). The weather was sunny, and road conditions were dry and visible. (Id. ¶¶ 12, 13). As plaintiff proceeded down the road, he noticed traffic ahead of him had stopped. (Id. ¶ 14). In turn, plaintiff came to a complete stop behind the traffic. (Id.).

Defendant Pratt was also traveling south on the same stretch of roadway, many lengths behind plaintiff in the same lane of travel. (Id. ¶ 16). Defendant Pratt was driving a tractor-trailer owned, maintained, and utilized by defendant J.B. Hunt. (Id. ¶¶ 17, 18). Before defendant Pratt approached the area of stopped traffic ahead of him, he passed a roadway sign warning motorists of the upcoming congestion. (Id. ¶ 20). Defendant Pratt failed to notice the sign, and was using a cell phone or mobile device instead of keeping a proper lookout on the roadway ahead. (Id. ¶¶ 20, 35-38). Pratt collided with the rear of plaintiff's vehicle at approximately 50 miles-per-hour, causing plaintiff to hit the guardrail along I-85 and the rear of another tractor-trailer. (Id. ¶¶ 23-30).

**COURT'S DISCUSSION**

A.  Standard of Review

"To survive a motion to dismiss" under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 663 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "Factual allegations must be enough to raise a right to relief above the speculative level." Twombly, 550 U.S. at 555. In evaluating whether a claim is stated, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff," but does not consider

"legal conclusions, elements of a cause of action, . . . bare assertions devoid of further factual enhancement[,] . . . unwarranted inferences, unreasonable conclusions, or arguments." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citations omitted).

On motion or its own initiative, "[t]he court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). Whether to grant a motion to strike is within the discretion of the district court. See United States v. Ancient Coin Collectors Guild, 899 F.3d 295, 324 (4th Cir. 2018). "The purpose of the motion to strike is to avoid the waste of time and money that arises from litigating unnecessary issues." Godfredson v. JBC Legal Group, P.C., 387 F. Supp. 2d 543, 547 (E.D.N.C.2005) (quotations omitted). However, motions to strike are "generally viewed with disfavor because striking a portion of a pleading is a drastic remedy." Waste Management Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001). "[T]he court is required to view the pleading under attack in a light most favorable to the pleader." Kelly v. United States, 809 F. Supp. 2d 429, 433 (E.D.N.C. 2011) (internal citation omitted).

B.      Analysis

1.      Defendants' Motion to Dismiss Punitive Damages Claim

Defendants move to dismiss any claim for punitive damages against defendant J.B. Hunt. Defendants' motion is unnecessary, because plaintiff alleges no punitive damages claim against defendant J.B. Hunt.

"Punitive damages shall not be awarded against a person solely on the basis of vicarious liability for the acts or omissions of another." N.C. Gen. Stat. § 1D-15(c). Punitive damages claims lie against a corporate defendant where "the officers, directors, or managers of the corporation

3

participated in or condoned the conduct constituting the aggravating factor giving rise to punitive damages." Id. § 1D-15(c). "A demand for punitive damages shall be specifically stated, except for the amount, and the aggravating factor that supports the award of punitive damages shall be averred with particularity . . . ." N.C. Gen. Stat. 1A-1, Rule 9(k).

Plaintiff alleges defendant Pratt willfully and wantonly operated his tractor-trailer based on several different alleged actions, and specifically requests punitive damages. (Compl. ¶¶ 73, 75). In contrast, plaintiff does not specifically plead for punitive damages from defendant J.B. Hunt. (See Compl. ¶¶ 76-84). Plaintiff alleges that defendant J.B. Hunt is liable for defendant Pratt's conduct under a theory of vicarious liability, and seeks punitive damages "as allowable under N.C. Gen. Stat. 1D-1 et seq." (Compl. ¶ 81, at 14 (emphasis added)). As noted above, punitive damages are not allowable based on vicarious liability. Plaintiff represents that he "has not asserted, and did not intend to assert in the [c]omplaint, a claim of punitive damages against [d]efendant J.B. Hunt. Instead, plaintiff has only asserted a claim of punitive damages against defendant Pratt individually." (Resp. Opp. (DE 21) at 3).

For these reasons, where plaintiff does not seek punitive damages from defendant J.B. Hunt, defendants' motion to dismiss is denied as moot.

2. Defendants' Motion to Strike Paragraphs 34, 49-55, and 67 of Plaintiff's Complaint

Defendants move to strike two different sets of allegations from plaintiff's complaint. First, defendants move the court strike plaintiff's allegations regarding pending criminal charges against defendant Pratt after the collision with plaintiff and other vehicles on scene. (Compl. ¶ 34).

Plaintiff notes the charges in the criminal proceeding arising from the collision are still pending. (Id.). Since the criminal charges allegedly arise out of the same conduct by defendant

Pratt, subsequent statements made in proceedings connected to the pending criminal charges may be relevant to this proceeding. See, e.g., McCarthy v. United States, 394 U.S. 459, 466 (1969) ("[A] guilty plea is an admission of all the elements of a formal criminal charge . . . ."); United States v. Ayala, 601 F.3d 256, 269, 271 (4th Cir. 2010) (upholding the district court's decision to admit a guilty plea as an admission by party opponent); cf. Godfredson, 387 F. Supp. 2d at 557 (discussing allegations of criminal behavior that had "utterly no relevance to the causes of action at issue"). Viewing the pleading in light most favorable to plaintiff, such allegations are not impertinent or immaterial.

Defendants argue that allegations of criminal charges should be stricken because they are not relevant, confuse the issues in this case, and prejudice defendants. (Def. Mem. (DE 16) at 4). While such arguments certainly have some force under the Federal Rules of Evidence, the court is not called on to resolve an evidentiary dispute at this juncture. Should the issue arise in the context of a dispositive motion or at trial, defendants may assert objection as they deem appropriate and the court will take up the issue at that time.

Defendants also move to exclude paragraphs 49-55 and 67 of plaintiff's complaint. These allegations discuss issues affecting the safe operation of commercial motor vehicles, as well as certain information that drivers of a commercial motor vehicle should be aware of when operating such vehicles. (Compl. ¶¶ 51-53). For example, plaintiff notes certain "industry standards" for safe truck driving, such as "look[ing] 12 to 15 seconds ahead to avoid having to stop too quickly or make quick lane changes" and "properly shift[ing] his attention back and forth, near and far while driving, while keeping a lookout ahead." (Id. ¶ 53). Plaintiff then states that each of these allegations constitutes a "duty" which defendant Pratt breached. (Id. ¶¶ 54, 67).

5

The law imposes a duty on motorists to "maintain a lookout" and "exercise reasonable care under the circumstances." Ward v. Carmona, 368 N.C. 35, 38 (2015) (internal citations omitted); Boykin v. Bissette, 260 N.C. 295, 299 (1963). Stripped of any legal conclusions regarding what duties are owed to motorists,[1] plaintiff's allegations articulate various ways defendant Pratt behaved unreasonably. (See Compl. ¶¶ 53, 54). Similarly, plaintiff's contentions about what defendant Pratt should have known about operating his automobile at the time of the collision go to whether defendant Pratt exercised reasonable care under the circumstances. (Id. ¶¶ 51, 52). Therefore, the allegations are neither immaterial nor impertinent.

Defendants first argue that the allegations fail to satisfy pleading requirements by going "far beyond the notice pleading envisioned by the Federal Rules." (Def. Mem. (DE 16) at 6). As noted above, plaintiff's allegations set forth in detail why defendant Pratt's behavior was unreasonable. The court rejects defendants' argument that it should strike portions of plaintiff's complaint merely because defense counsel must read through plaintiff's allegations and might risk "an improper response to an allegation." (Def. Mem. (DE 16) at 6). It is incumbent upon defendants to avert such risk, not plaintiff.

Defendants argue that plaintiff alleges a higher standard of care not supported by North Carolina law. (Def. Mem. (DE 16) at 6-8). The court is not convinced. Even so, the question before the court is whether plaintiff's allegations in paragraphs 49-55 and 67 should be stricken from the complaint. Plaintiff may assert legal conclusions, and the court is not bound to follow such conclusions. The court rejects defendants' argument.

Finally, defendants argue alleging particular trucking safety rules and policy considerations

---

[1] The court is not required to credit the legal conclusions contained in a complaint. See Nemet Chevrolet, 591 F.3d at 255.

6

impermissibly relies on "reptile" arguments.² (Def. Mem. (DE 16) at 8-10). Here again, defendants ask the court to rule on an evidentiary issue long before any evidence has been offered by plaintiff. Making such argument in the context of a motion to strike, rather than a motion in limine, is precisely the type of "dilatory tactic" specifically discouraged in considering Rule 12(f) motions. See Waste Mgmt. Holdings, 252 F.3d at 347. The court denies defendants' motion to strike.

## CONCLUSION

Based on the foregoing, defendants' motion to dismiss for failure to state a claim (DE 14) is DENIED AS MOOT, and defendants' motion to strike (DE 14) is DENIED. Within 14 days of this order, defendants are DIRECTED to file amended answer responding to any allegation previously subject of the motion to strike and removing reference to the motion to strike.

SO ORDERED, this the 6th day of May, 2019.

_____
LOUISE W. FLANAGAN
United States District Judge

---

² A "reptile" argument is an appeal to emotion where a plaintiff argues a defendant's conduct is a threat to personal safety or community safety. See Turner v. Salem, No. 3:14-CV-289-DCK, 2016 WL 4083225, at *2 (W.D.N.C. July 29, 2016). According to defendants, the term "reptile" argument is derived from a relatively recent book for plaintiff's attorneys on litigation strategy. See David Ball & Don Keenan, Reptile: The 2009 Manual of the Plaintiff's Revolution (2009).

7